Dear Representative Willmott:
Our office is in receipt of an opinion request from you as to the authority of the Kenner City Council ("Council") under the Charter for the City of Kenner. More specifically, your letter inquires whether the Council may approve any salary adjustment of an employee in a supervisory capacity not to exceed the budgeted amount for that position, when an ordinance for doing so is before the Council pursuant to Section 2.13(F) of the Kenner City Charter.
Article VI, § 4 of the Louisiana Constitution of 1974 states:
 Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local government subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
The Charter for the City of Kenner falls within the scope of Art. VI, § 4, as it was adopted and made effective on July 1, 1974, prior to the effective date of the 1974 Louisiana Constitution, as previously recognized in Atty. Gen. Op. No. 98-363. Therefore, the provisions of this Charter will govern the plan of government for the city of Kenner, within the parameters of this constitutional article. *Page 2 
After careful review of the City of Kenner's Home Rule Charter, our office notes that section 2.13(F) of the Charter provides:
 Proposed ordinances on any of the following specified subjects shall be introduced and adopted only at regular meetings of the Council and shall not be adopted until at least twenty-eight (28) days after being introduced, nor until the proposed ordinance shall have been published by caption in the Official Journal at least twice, to wit:
 . . .
 (F) Decreasing or increasing salaries or other compensation of any elected official or appointed City employee in a supervisory capacity provided for in this Charter.
Because of this provision, this office is of the opinion that the Council may, in accordance with the limitations in Section 2.13(F), approve a salary adjustment for an elected official or appointed City employee in a supervisory capacity provided for in the Kenner Home Rule Charter in an amount not to exceed the budgeted amount for that position. Section 2.13 describes the correct procedure for such an action: the proposed ordinance must be introduced at a regular meeting of the Council, and may not be adopted until a minimum of twenty-eight days after it is introduced, and the proposed ordinance must be published by caption in the official journal at least twice. Please note that a salary adjustment cannot be applied retroactively, or made applicable prior to the proper effective date of a passed ordinance. This would constitute a prohibited donation, in violation of Article 7, § 14 of the Louisiana Constitution.
In response to the specific question presented in your letter, provided that the procedural requirements of Section 2.13 have been met, the Council may increase the salary of a person who falls within the category of persons identified in Section 2.13(F) in an amount not to exceed the budgeted amount for that position.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB